Walter A. Saurack (wsaurack@ssbb.com)
Satterlee Stephens Burke & Burke LLP
33 Wood Avenue South
Suite 600
Iselin, New Jersey 08830
Tel: (732) 603-4966
Fax: (732) 603-4977

*Attorneys for Defendant Steven Litt*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>STEVEN LITT and TRACY COPPLE-LITT,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 2:11-cv-06456-WHW-MCA<br><br>**DEFENDANT STEVEN LITT'S**<br>**ANSWER TO COMPLAINT** |

　　　　Defendant Steven Litt ("Litt"), by way of his Answer to the Complaint of Plaintiff The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"), alleges as follows:

　　　　1.　　　Litt admits the allegations contained in Paragraph 1 of the Complaint.

　　　　2.　　　Litt admits the allegation in Paragraph 2 of the Complaint that Northwestern Mutual issued a policy of individual life insurance insuring Decedent's life, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint

　　　　3.　　　Litt denies having knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 3 of the Complaint.

1315505_2

## AS TO JURISDICTION AND VENUE

4. Litt does not respond to the allegations contained within Paragraphs 4 through 6, inclusive, of the Complaint as they set forth legal conclusions to which no response is required.

## AS TO THE PARTIES

5. Litt denies having knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 7 of the Complaint.

6. Litt admits the allegations in Paragraph 8 of the Complaint that decedent's primary residence was 253 West 73rd Street, Apt. 13H, New York, New York and that decedent was a citizen of the State of New York at the time of his death, and avers that the remaining allegations in paragraph 8 of the Complaint are legal conclusions as to which no response is required.

7. Litt denies the allegations in Paragraph 9 of the Complaint that his primary residence is located at 5355 Donald Street, Eugene, Oregon and that he is a citizen of the State of Oregon, and avers that the remaining allegations contained in paragraph 9 of the Complaint are legal conclusions as to which no response is required.

8. Litt denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

9. Litt admits the allegations contained in Paragraphs 11 through 15, inclusive, of the Complaint.

10. Litt denies the allegations contained in Paragraphs 16 through 19, inclusive, of the Complaint, except respectfully refers the Court to the documents referenced in paragraphs 16 through 19 of the Complaint for their meaning in proper context.

11. Litt, upon information and belief, admits the allegations contained in Paragraphs 20 and 21 of the Complaint.

12. Litt denies having knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 22 of the Complaint.

13. Litt does not respond to the allegations contained within Paragraphs 23 through 25, inclusive, of the Complaint as they set forth a legal conclusion to which no response is required.

## AFFIRMATIVE DEFENSE

14. Northwestern Mutual Life Insurance Company never received Tracy Lynn Copple's alleged "Designation of Beneficiary by Owner for Death Proceeds Only" form or the "Change of Client Information" during Decedent's lifetime. Accordingly, Litt remains the Beneficiary under the Policy and is entitled to receive the Death Benefit from plaintiff Northwestern Mutual Life Insurance Company.

WHEREFORE, Defendant Steven Litt demands judgment against Plaintiff The Northwestern Mutual Life Insurance Company as follows:

1) that the court declare that Defendant Steven Litt should be paid the Death Benefit due under the Policy and that Northwestern Mutual Life Insurance Company be ordered to pay Steven Litt the Death benefit due under the Policy;

2) that Defendant Steven Litt be awarded reasonable attorneys' fees incurred in this action together with costs, plus interest; and

      3)    that this Court award such further and other relief as it may deem just and proper.

Dated: Iselin, New Jersey
       February 10, 2012

          SATTERLEE STEPHENS BURKE & BURKE LLP
          Attorneys for Defendant Steven Litt

          By: _____
                Walter A. Saurack

4

1315505_2

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to R. 4:5-2, defendants hereby demand a written statement of damages claimed within the time prescribed by the Rules of Court.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Walter A. Saurack, Esq. has been designated as trial counsel and will try the case on behalf of Defendant Steven Litt.

## R. 4:5-1 CERTIFICATION

This matter in controversy is not the subject of any other action in any court or, of a pending arbitration proceeding involving Defendant Steven Litt, and no such other action or arbitration proceeding is contemplated.

Dated:   February 10, 2012

SATTERLEE STEPHENS BURKE & BURKE LLP
Attorneys for Defendant Steven Litt

By: _____
Walter A. Saurack

## CERTIFICATION UNDER RULE 4:9-1

I hereby certify that I served this pleading within the time provided by Rule 4:9-1 of the New Jersey Rules of Civil Practice as extended by agreement of the parties.

Dated:   February 10, 2012

                SATTERLEE STEPHENS BURKE & BURKE LLP
                Attorneys for Defendant Steven Litt

By: _____
                     Walter A. Saurack

1315505_2